

```
McGREGOR W. SCOTT
United States Attorney
KENNETH J. MELIKIAN
R. STEVEN LAPHAM
Assistant U.S. Attorneys
501 I Street, Suite 10-100
Sacramento, Ca.  95814
Telephone: (916) 554-2700
```

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. S-05-306 EJG |
| ) | |
| Plaintiff, ) | |
| ) | SUMMARY ORDER |
| ) | |
| SUNDEEP DHARNI, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

For the reasons stated in court and on the record, and set forth in the attached transcript, the defendant's motion for release pending sentencing pursuant to 18 U.S.C. §§ 3142(a)(2) and 3145(c) is denied.

IT IS SO ORDERED.

DATED: 11/29/07

HONORABLE EDWARD J. GARCIA
U.S. District Court Judge

1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

--oOo--

UNITED STATES                    )
                                 )
                                 ) Case No. S-05-306
            v.                   )
                                 )
SUNDEEP DHARNI                   )
    Defendant,                   )
--oOo--

REPORTER'S TRANSCRIPT OF JUDGMENT AND SENTENCING

BEFORE THE HONORABLE EDWARD GARCIA

--oOo--

FRIDAY, NOVEMBER 2, 2007

--oOo--

Reported by:              Visantha A. Dunn
                          CSR No. 12547

DIAMOND COURT REPORTERS (916) 498-9288

```
 1                        APPEARANCES

 2                          --oOo--

 3

 4       For the United States:

 5            Steve Lapham
              Assistant United States Attorney
 6            Sacramento, CA

 7            Ken Melikian
              Assistant United States Attorney
 8            Sacramento, CA

 9

10       For the Defendant:

11            Eric Chase
              Attorney at Law
12

13                          --oOo--

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1            FRIDAY, NOVEMBER 2, 2007, 9:30 A.M.
 2                   SACRAMENTO, CALIFORNIA
 3                         --o0o--
 4        THE CLERK:  Criminal S-05-306, United States
 5   versus Sundeep Dharni.
 6        MR. MELIKIAN:  Good morning, Ken Melikian and
 7   Steve Lapham for the United States.
 8        THE COURT:  Mr. Melikian and Mr. Lapham.
 9        MR. CHASE:  Good morning, your Honor, Eric Chase
10   on behalf of Sundeep Dharni, who is present.
11        THE COURT:  Mr. Chase.
12     This matter is on calendar for hearing on the
13   probation officer's report, judgment and sentence.  It is
14   also for hearing on defendant's motion for release pending
15   sentencing.  The motion being brought pursuant to Section
16   2145(c) of Title 18, U.S. Code.
17     I will address the defendant's motion for release
18   pending sentence first, after which I will proceed to
19   sentencing for which defendant's counsel has been, has
20   requested a continuance.  And I will consider that request
21   further after I decide the motion.
22     Defendant was convicted at jury trial on Tuesday, July
23   10, 2007, of the four counts charged in the superseding
24   indictment, that is conspiracy to commit arson, arson,
25   arson for purpose of committing mail fraud and mail fraud.
```

```
 1   The case was then referred to the U.S. Probation Office for
 2   a presentence investigation and report.  The sentencing
 3   scheduled for September 21 -- September 21, 2007.
 4        On the Government's motion defendant was remanded to
 5   custody of the United States Marshal pending sentence.  At
 6   that time defendant argued briefly for release pending
 7   sentencing citing as the sole basis, lack of evidence of
 8   flight risk or dangerousness.  I advised counsel that I
 9   would hear a formal motion for release pending sentence on
10   the following Friday, July 13th, on my regular law and
11   motion calendar or whatever other date defendant chose.
12        I also requested that defendant file a brief citing
13   applicable law noting that more than flight risk and
14   dangerousness had to be addressed after conviction, see
15   Section 3143 subdivision (a)(2) Title 18; however,
16   defendant did not file his motion for pending, for release
17   pending sentence until some 30 days later, August 13, 2007,
18   and inexplicably noticed it for hearing on September 21,
19   the same date scheduled for sentencing.
20        Both hearing on the motion and sentencing where
21   subsequently continued at the request of the parties to       EJG
22   October 26th.  Then on September 20th, sentencing was again
23   continued at request of the parties to today, November 2.
24   In requesting this latter continuance for sentencing
25   defendant requested his motion for release be heard a week
```

1    earlier on October 26th; however, the Court notified the
2    parties that the Court would not be in session the week of
3    October 26th, and the Court continued the hearing on the
4    motion also to today, so I'll hear that motion now.
5    Defendant moves for release pending sentence pursuant
6    to Section 3145(c) of Title 18. On the written motion
7    defendant correctly notes that Section 3143 subdivision
8    (a)(2) of Title 18 requires defendant be detained pending
9    sentence upon conviction of a crime of violence such as
10   arson unless the Court finds one, that there is a
11   substantial likelihood that a motion for acquittal or a new
12   trial will be granted pursuant to Section 3143 subdivision
13   (a)(2) (a)(1); or secondly, if it is clearly shown that
14   there are exceptional reasons why such person's detention
15   would not be appropriated pursuant to Section 3145(c).
16   These two exceptions to mandatory detention upon
17   conviction of a criminal, of a crime of violence require
18   that the, that the defendant also show by clear and
19   convincing evidence that the defendant is not likely to
20   flee or pose a danger to any other person or the community.
21   As to this latter requirement, the burden now is on
22   defendant to show by clear and convincing evidence that he
23   is not a flight risk.
24   As to dangerousness, I do not believe and the
25   Government does not argue that the defendant poses a danger

```
 1   if he is released pending sentence; however, as to flight
 2   risk, the fact the defendant did not flee prior to trial
 3   and conviction of crimes carrying mandatory minimum
 4   sentences of ten years and five years consecutive is hardly
 5   clear and convincing evidence defendant would not now flee,
 6   as defendant argues in his brief.
 7        Defendant does have substantial family ties to the, to
 8   this district.  His parents live in Yuba City where
 9   defendant was raised, as does a brother, while another
10   lives in Sacramento; however, defendant moved to Tennessee
11   after his local businesses failed some four years ago, where
12   he has lived since his indictment.  Evidence at the trial
13   was that he ran out on creditors, partners and civil
14   judgments in connection with his failed businesses.  He is
15   now nominally employed by a brother who runs a gas station
16   and convenience store in Tennessee.
17        Defendant has a serious drinking problem and drug
18   abuse history which defendant acknowledges would have
19   resulted in his being unable to hold a job if he worked for
20   someone other than family.  The Court also notes that the
21   defendant's wife has lived in India.  Thus whether
22   defendant has carried his burden with clear and convincing
23   evidence that he is not a flight risk is at least
24   problematical.
25        As to the other requirements of release, defendant
```

EJG

1   fails on the first, that is that there is a substantial
2   likelihood that a motion for acquittal or a new trial would
3   be granted, because as the Government points out, no such
4   motion has ever been made, and defendant is time barred
5   from making one now.  Such a motion had to have of been
6   made within seven days of the juries verdict and defendant
7   has not requested an extension of time, see Federal Rules
8   29 and 33.
9       As to the second exception to the mandatory detention,
10  that is whether exceptional reasons exist why defendant's
11  detention would not be appropriate, defendant has shown no
12  such exceptional reasons.  Defendant puts forth as
13  exceptional reasons that, one, his wife and children must
14  move from Tennessee to California so that they can have a
15  support system while he is incarcerated; two, that he has
16  no prior convictions; and three, that his performance on
17  pre-trial release was excellent.  None of these reasons
18  standing alone or together in the Court's opinion
19  constitute exceptional reasons justifying release.
20      First of all, as reported by the probation officer
21  defendant has two prior convictions for possession of a
22  controlled substance which counsel ignores, and for carrying
23  a loaded firearm in a public place, and for which defendant
24  was sentenced to jail on each of those crimes.  And even if
25  defendant had no such prior conviction, a clean prior

1   criminal conviction record is so common, standing alone
2   that it is not an exceptional reason or any reason for a
3   release under Section 3145(c).
4       The same can be said for defendant's argument that
5   compliance with pretrial release conditions is exceptional.
6   Rather, my experience is that it's the rule for defendants
7   on release pending trial; otherwise breach of a pretrial
8   release condition would have been litigated and could have
9   resulted in detention pending trial.
10      Because of this, most defendants released on pretrial
11  conditions are on their best behavior and usually comply
12  with the conditions, doing so is in no way exceptional.
13      And lastly, disruption of family support when a
14  defendant head of household is in prison is not only not
15  exceptional or unusual it is a common result of defendant's
16  criminal conduct.
17      Neither party cites to any case law defining or
18  explaining what constitutes, "exceptional reasons," as that
19  term is used in Section 3145(c); however, on independent
20  research the Court found several cases in point, for
21  example, in U.S. v.Mahabir 858 Fed. Supp. 504, a 1994 case,
22  the Maryland District Court held that incarceration
23  regularly creates difficulties for defendant and his
24  family, and that defendant's supportive family does not
25  satisfy Section 3145(c).

1    In the U.S. v. Bloomer 791 Fed. Supp. 100, a 1992 case,
2    the Vermont District Court held that a close relationship
3    with a daughter, stabilizing influence on wife, support for
4    family by a defendant employed as an engineer, do not create
5    exceptional reasons, and that reasons such as these offered
6    as exceptions to detention, though unfortunate, are not
7    exceptional.  Rather such reasons attend most instances in
8    which defendant's detention is at issue.

9    And finally, and here most important, the Court has
10   reviewed a more recent Ninth Circuit case U.S. v. Garcia, at 340
11   Fed. 3d. 1013, a 2003 case which provides some guidance on
12   the issue.  It teaches to look at the totality of the
13   circumstances including, one, was criminal conduct an
14   aberration.  In this case this factor weighs against
15   defendant who has two prior criminal convictions.

16   Two, the nature of the violent act.  Arson is a
17   violent act, not only because of danger to occupants of
18   buildings but also because of danger to firefighters who
19   respond to the blaze and to vehicles and citizens on the
20   road as the firefighters race, code three, to the scene of
21   the fire.  This factor also weighs against defendant.

22   Three, length of applicable prison sentence.  Here at
23   least 15 years mandatory, minimum sentence is required by
24   law.  This factor weighs against defendant.

25   Four, are there circumstances that would make

1  confinement in prison unusually harsh, such as serious
2  illness of defendant either physical or psychological.
3  Here, defendant is apparently healthy and his alcohol and
4  his drug abuse dependence can be addressed in prison.

5       Five, strength of appellate issues. Here I see none
6  of any great weight, the trial was short, defendant neither
7  moved for a Rule 29 judgment of acquittal either during or
8  after trial nor did he move for a new trial under Rule 33,
9  and the discovery issue which defendant raises in his brief
10 and which he says will be his primary grounds for appeal
11 was, in fact, resolved at trial when the defendant rejected
12 the Court's offer to grant a continuance of the trial so
13 that defendant could examine and investigate Government's
14 Exhibit Number Ten and discuss it further with the
15 defendant, which, in fact, was apparently belatedly
16 discovered to defendant. In addition, the exhibit which
17 was prepared by defendant and in his own handwriting, was
18 addressed by defendant during his testimony at the trial.

19      Examining these factors then, as a totality of
20 circumstances presented by defendant under the guidelines
21 presented by the Ninth Circuit U.S. v. Garcia case I find
22 that defendant has failed to clearly show that there are
23 exceptional reasons why defendant's detention pending
24 sentence would not be a appropriate pursuant to Section
25 3145(c) of Title 18, U.S. Code.

1    Mr. Lapham and Mr. Melikian, I will ask you to prepare
2    a proposed order denying defendant's motion for release
3    pending sentence and you might attach a reporter's
4    transcript of the Court's following analysis and present it
5    to the Court.
6         MR. MELIKIAN: Yes, your Honor.
7         THE COURT: Now, moving on to sentencing in this
8    matter. Mr. Chase, you've made several requests to
9    continue the sentencing schedule, reschedule for today.
10   One of them was that you couldn't appear today because of a
11   conflicting appearance in another court down south, however
12   apparently you were able to handle that problem?
13        MR. CHASE: Yes, your Honor, the court down south
14   allowed the case yesterday to go past five o'clock, despite
15   the inconvenience of that court staff, as I informed them
16   you had denied my oral request to continue today's
17   sentencing. The other request for sentencing was occasion
18   by the defendant's desire to have another attorney's input
19   and I know papers were filed and that Jim Feldman from --
20   Ellison's office that was the reason for the earlier
21   request.
22        THE COURT: Let me interrupt you for just a
23   minute. I received a pro hac vice application to add an
24   attorney from, what is it, Pennsylvania?
25        MR. CHASE: Correct, your Honor.

```
 1              REPORTER'S CERTIFICATE
 2   STATE OF CALIFORNIA    )
                            )   ss.
 3   COUNTY OF SACRAMENTO   )
 4
 5        I, VISANTHA A. DUNN, hereby certify that I am a
 6   Certified Shorthand Reporter, and that I recorded verbatim
 7   in shorthand writing the proceedings; that I thereafter
 8   caused my shorthand writing to be reduced to typewriting,
 9   and the pages numbered 1-27 inclusive, constitute a
10   complete, true, and correct record of said proceeding:
11        COURT:  United States District Court
          JUDGE:  The Honorable Edward J. Garcia
12        DATE: Tuesday, November 2, 2007
13        IN WITNESS WHEREOF, I have subscribed this
14   certificate at Sacramento, California, on this 19th day of
15   November, 2007.
16
...
23   [signature]
24         Visantha A. Dunn CSR No. 12547
25
```

DIAMOND COURT REPORTERS (916) 498-9288