IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,                  CIV NO. S-10-2934 EJG
    vs.                            CR. NO. S-05-0306 EJG

SUNDEEP DHARNI,

        Defendant.            ORDER

_____/

Defendant, a prisoner proceeding pro se, has filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. After reviewing the record, the documents filed in connection with the motion and the applicable law, the court has determined the motion may be decided without an evidentiary hearing because the files and records of the case affirmatively show the factual and legal invalidity of defendant's arguments. Shah v. United States, 878 F.2d 1156, 1158-59 (9th Cir. 1989). For the reasons that follow, the motion is DENIED.

## Background

Defendant was convicted on July 10, 2007, following a jury trial for several arson and related counts. On November 2, 2007, he was sentenced to 180 months imprisonment and a three year term of supervised release. His sentence and conviction were affirmed on appeal. United States v. Dharni, 324 Fed. Appx. 554 (9th Cir.

1

2009).

## Discussion

Defendant raises two claims in his § 2255 motion: 1) violation of his Sixth Amendment right to a public trial; and 2) ineffective assistance of trial and appellate counsel.

1. Sixth Amendment Right to a Public Trial

Defendant alleges that his rights were violated when his family and all other spectators had to leave the courtroom during voir dire.  Plaintiff argues that defendant procedurally defaulted this claim by not raising this issue on appeal and that the claim also fails on the merits.  Rather than look to the procedural default issue and whether defendant has shown cause and prejudice the court will look to the merits of the claim.[1]

In the instant case, jury selection occurred on July 2, 2007.  Due to trial starting before and continuing beyond the July 4th holiday, the court convened a larger than usual panel of prospective jurors.  The court stated:

> As soon as the jury comes up, I'm going to ask all family members to go out in the hall.  We need every seat in the audience section of the courtroom as we called in extra jurors because of the vacation problem.  So that during jury selection, all of the family and friends of the defendant and any other spectators that are out there will wait out in the hall during jury selection until seats open up.

Reporters Transcript (RT) Vol. 1 at 18.

The court's comments did not draw an objection.  The issues

---

[1] In light of United States v. Withers, --- F. 3d ---- , 2011 WL 6184 (9th Cir. Jan. 3, 2011), it appears defendant could overcome the procedural default.

2

raised in defendant's motion have been the subject of recent Ninth Circuit and Supreme Court decisions.  In 2010, the Supreme Court in <u>Presley v. Georgia</u>, --- U.S. ----, 130 S.Ct. 721 (2010), reversed a criminal judgment where the trial court excluded members of the public, including family of members of the defendant, during voir dire, based on space limitations and concern that jurors may accidentally hear prejudicial remarks. The Supreme Court held that "trial courts are required to consider alternatives to closure even when they are not offered by the parties" and "[t]rial courts are obligated to take every reasonable measure to accommodate public attendance at criminal trials."  <u>Presley</u>, 130 S.Ct. at 724-25; <u>United States v. Withers</u>, --- F. 3d ---- , 2011 WL 6184 *5 (9th Cir. Jan. 3, 2011) (right to a public trial is violated when the court is totally closed to the public, for a non-trivial duration, without complying with the four requirements established in <u>Waller v. Georgia</u>, 467 U.S. 39 (1984)).  Defendant cites <u>Presley</u> and argues that a structural error was committed that requires dismissal of the charges or retrial.  For the reasons set forth below, defendant is mistaken.

    <u>Presley</u> was decided in 2010, three years after the case at bar.  Prior to <u>Presley</u>, it was an open question if the Sixth Amendment right to a public trial extended to jury selection and voir dire.[2]  <u>Presley</u>, at 723-24.  Since <u>Presley</u>, several district

---

[2] Prior precedent involved the public trial right in voir dire under the First Amendment, <u>Press-Enterprise Co. v. Superior Court of Cal., Riverside Cty.</u>, 464 U.S. 501, (1984), and Sixth Amendment right to a public trial concerning a pretrial

3

courts have noted and held that "nowhere in Presley does the Supreme Court announce that any part of it's holding should apply retroactively on collateral review.  Nor has it so held in any subsequent opinion."  Julian v. Commonwealth of Pennsylvania, 2010 WL 1854121 *4 (W.D. Pa. 2010); See also Bennefield v. Kirkpatrick,--- F.Supp.2d ----, 2010 WL 3860992 *10, Fn. 1 (W.D.N.Y. 2010); Chalk v. Rhode Island, 2010 WL 597463 *5 Fn. 2 (D.R.I. 2010); Edelkind v. United States, 2010 WL2944369 *8 (W.D. La. 2010).

Regardless that Presley was decided three years after the instant case and that the law was unsettled, the trial closure at issue here was a "trivial" closure that did not violate the Sixth Amendment.  In United States v. Ivester, 316 F.3d 955 (9th Cir. 2003), the Ninth Circuit held that determining whether a closure was too trivial to violate the Sixth Amendment one must look to the values stated in Waller v. Georgia, 467 U.S. 39 (1984) and Peterson v. Williams, 85 F.3d 39 (2d Cir. 1996).  Ivester, at 960.  The Ninth Circuit looked at the following values with respect to a closure:

> (1) to ensure a fair trial, (2) to remind the prosecutor and judge of their responsibility to the accused and the importance of their functions, (3) to encourage witnesses to come forward; and (4) to discourage perjury.

Ivester, at 960 (citations omitted).

A review of the record shows that these values were not

---

suppression hearing, Waller v. Georgia, 467 U.S. 39 (1984).

4

violated and as in <u>Ivester</u>, there was no structural error.  The record shows that on July 2, 2007, at 2:10 pm, jury selection commenced and less than two hours later at 3:50 pm,³ the jury was sworn and then a recess was taken.  Docket Entry #53.  The values were not subverted by limiting voir dire proceedings to only the attorneys, judge, defendant and prospective jurors for less than two hours.  The court read the indictment, provided administrative details and asked the jurors several questions.  The attorneys used several peremptory challenges but neither party objected during any of the jury selection, and there were no significant developments.  Transcript of Jury Selection, Docket Entry #138; <u>See</u> <u>Gibbons v. Savage</u>, 555 F.3d 112, 121 (2nd Cir. 2009) (voir dire closure was trivial pursuant to <u>Waller</u> and <u>Peterson</u> values when closure lasted for one afternoon and nothing of significance occurred).

Jury selection in the instant case consisted of routine jury administrative matters that had no bearing on defendant's ultimate guilt or innocence.  <u>See</u> <u>Ivester</u>, at 960.  In addition, it should be noted that the Ninth Circuit which looks to the values from <u>Waller</u>, recently held that courtroom closures are not always structural errors that should result in automatic reversal.  <u>United States v. Waters</u>, 627 F.3d 345, 361 (9th Cir. 2010)(automatic reversal was not required when Circuit looked at

---

³ The court did also take a 15 minute recess during the jury selection.  Transcript of Jury Selection, Docket Entry #138 at 35.

5

courtroom closure in the context of a suppression hearing under Waller). Upon viewing the details of the closure, and in light of the applicable case law, the closure was too trivial to warrant relief and this claim is denied.

2. Ineffective Assistance of Counsel

Defendant next alleges that trial and appellate counsel were ineffective for the following four reasons:[4] a) trial counsel failed to object to the courtroom closure and appellate counsel failed to raise the issue on appeal; b) trial counsel failed to subject the prosecution's case to "meaningful adversarial testing"; c) trial counsel failed to ask for a continuance or a mistrial; and d) appellate counsel failed to raise a Brady issue on appeal.

To prevail on a claim of ineffective assistance of counsel, defendant must demonstrate that counsel's performance was deficient and fell below an "objective standard of reasonableness", and that but for the deficiencies, "there is a reasonable probability" the outcome would have been different. See Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). The court need not address the two separate prongs in any particular order, nor does it need to address both of them. "In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice

---

[4] Plaintiff has not fully briefed all elements of this claim, but the court has looked through the record to address the claim.

suffered. . . . The object of an ineffectiveness claim is not to grade counsel's performance.  If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." Id. at 697.

a) Courtroom Closure

Having denied defendant's claim regarding the courtroom closure, the ineffective assistance of counsel claim based on this issue also fails, since even if counsel could be found ineffective, there was no prejudice.  Moreover, counsel has no duty to foresee changes in the law or future developments.  This claim is therefore denied.

b) Failure to Attack Prosecution Case

Defendant generally alleges that trial counsel was ineffective for not properly investigating the case, not interviewing prosecution witnesses and not obtaining an expert witness.  Other than providing a list of complaints, defendant presents no evidence of what trial counsel would have discovered that would have aided defendant if counsel properly investigated the case.  Simply saying that counsel was ineffective without any evidence in support is insufficient. See Jones v. Gomez, 66 F.3d 199, 205 (9th Cir. 1995) ("'[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief'") (quoting James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994)).  As defendant has failed to demonstrate any prejudice from trial counsel's actions, this claim is denied.

c) Continuance and Mistrial

Defendant next argues that trial counsel was ineffective for failing to ask for a continuance or move for a mistrial when the prosecution handed over an exhibit on the first day of trial.

The exhibit at issue is a one page handwritten piece of scratch paper belonging to defendant where he listed his assets (five entries equaling seven-hundred and five thousand dollars) and liabilities (fifteen entries equaling five-hundred and three thousand dollars). See Docket Entry #140, Exhibit C.  The scratch piece of paper had been seized from defendant's briefcase, photocopied and then returned to defendant.  RT Vol. 1 at 25-26.  The prosecution further stated that discovery disclosed that the contents of defendant's briefcase had been copied so defendant had constructive notice that the prosecution had the document.  Id.  Instead of asking for a continuance, as defendant alleges was the proper course, trial counsel asked that the prosecution not be allowed to reference the piece of paper in opening arguments, so that trial counsel could review the document in further detail.  The court granted this request.  Id., at 27.

Regardless of whether the exhibit was handed over late or not, defendant has failed to show that counsel was ineffective for failing to ask for a continuance.  Defendant theorizes that counsel could have consulted with defendant or an expert regarding the exhibit, what was listed on the exhibit and how it related to the prosecution's theory of the case.  Yet,

8

1  defendant's finances were already central to the prosecution's
2  case, which the defense was well aware of.  Moreover, defendant
3  testified in his own defense and admitted writing the exhibit and
4  explained what it signified and attempted to explain it away.  RT
5  Vol. 4 at 582-85.
6      The jury's failure to credit defendant's testimony on this
7  issue does not show that counsel was ineffective, nor has
8  defendant presented any persuasive arguments that he was
9  prejudiced by counsel failing to ask for a continuance.  Nor
10 would there have been any merit if there was a request for a
11 mistrial.  Therefore, this claim is denied.  To the extent that
12 defendant's motion alleges that appellate counsel was ineffective
13 for failing to raise this issue, any such claim is also denied.
14     d) <u>Brady</u> Evidence
15     Defendant alleges that the prosecution did not timely turn
16 over criminal rap sheets for three prosecution witnesses, Richard
17 Duran, Tiffany Martinez and Rose Duran.  Defendant also alleges
18 that the prosecution failed to disclose agreements to dismiss
19 charges and withheld information pertaining to witnesses, Tiffany
20 Martinez and Alicia Jardin.  However, it is not entirely clear
21 that agreements existed with these witnesses.  Defendant's only
22 argument in support of the existence of agreements is the release
23 of partial transcripts of their testimony after the trial.  This
24 argument is insufficient, and ultimately, defendant has failed to
25 allege a viable claim that appellate counsel was ineffective for
26 failing to raise this claim under <u>Strickland</u>.  Assuming

defendant's allegations are accurate, he has not demonstrated any prejudice from counsel's alleged errors.

With respect to the rap sheets, two were received by the defense the week prior to trial, so the basis for the Brady claim is not clear. RT Vol. 1 at 14-16.[5] Defendant has presented no evidence that Rose Duran even had a rap sheet. In addition, defendant has not set forth any arguments that he suffered any prejudice whatsoever, or that appellate counsel was ineffective for failing to raise this issue. Accordingly, defendant's vague claim that appellate counsel was ineffective is denied.

3. Conclusion

Based on the foregoing, defendant's motion to vacate, set aside or correct sentence is DENIED. The Clerk of the Court is directed to close the companion civil case CV. S-10-2934 EJG.

IT IS SO ORDERED.

DATED:   March 30, 2011

                                      /s/ Edward J. Garcia

                                      EDWARD J. GARCIA, JUDGE
                                      UNITED STATES DISTRICT COURT

---

[5] It appears that defendant is referring to police reports regarding the contents of the rap sheets that the defense was attempting to acquire. The prosecution was aiding the defense in obtaining these reports, but ultimately defendant has not shown that this was Brady material.

10